DAVIDE GOLIA, SBN 118464
EMAIL: dgolia@mgfllp.com
NOWELL A. LANTZ, SBN 235822
EMAIL: nlantz@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
8620 SPECTRUM CENTER BOULEVARD – SUITE 900
SAN DIEGO, CALIFORNIA 92123-1489
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendant and Cross-Claimant RQ Construction, Inc. and Defendant Continental Casualty Company

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of JAMES P. MURPHY, an individual dba JAMES P. MURPHY CONSTRUCTION, dba JAMES MURPHY CONSTRUCTION CO.<br><br>Plaintiff,<br><br>v.<br><br>RQ CONSTRUCTION, INC., a California corporation; CONTINENTAL CASUALTY COMPANY, a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS | CASE NO: 10-CV0513 W (CAB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RQ CONSTRUCTION, INC.'S EX PARTE APPLICATION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS<br><br>Assigned to:<br>Hon. Thomas J. Whelan<br>Hon. Cathy Ann Bencivengo<br><br>Complaint Filed:   March 10, 2010<br>Trial Date:            Not Set |

### I
### INTRODUCTION

Defendant and Cross-Complainant RQ Construction, Inc. ("RQ") seeks an order compelling responses and for sanctions against Plaintiff and Cross-Defendant James P. Murphy, dba James P. Murphy Construction, dba James Murphy Construction, dba James Murphy Construction Co. ("JME"). JME has failed to provide timely discovery responses and has willfully violated (and

continues to willfully violate) this Court's Discovery Order, causing prejudice to RQ. Alternatively, RQ requests the Court dismiss JME's claims pursuant to Federal Rule of Civil Procedure 37.

II

FACTUAL BACKGROUND

JME filed a complaint against RQ on March 10, 2010, seeking damages for breach of contract and Recovery on a Miller Act Payment Bond. In response, RQ filed a cross-complaint for breach of contract, reasonable value, intentional misrepresentation, express indemnity and breach of personal guarantee. After two unsuccessful settlement conferences, on September 29, 2010, RQ served discovery requests on JME in the form of Requests for Admissions and Requests for Production of Documents. (Declaration of Nowell A. Lantz ("Lantz Dec."), ¶ 2; Exhibits "1," and "2," to the concurrently filed Notice of Lodgment ("NOL"). At the third Mandatory Settlement Conference on October 30, 2010, JME claimed that it had not received RQ's discovery requests due to the withdrawal of JME's prior counsel. (Lantz Dec., ¶ 3.) In response, this Court extended JME's deadline to respond to RQ's pending discovery requests until November 22, 2010. (Lantz Dec., ¶ 3.) The discovery requests were again sent by counsel for RQ to JME via e-mail, at the email address he had previously provided to the Court and counsel for RQ. (Lantz Dec., ¶ 4; NOL, Exhibit "3.")

JME failed to produce any discovery responses by November 22, 2010. (Lantz Dec., ¶ 5.) RQ contacted JME on several occasions to discuss its failure to provide responses. (Declaration of Daniel P. Scholz ("Scholz Dec."), ¶¶ 3, 4, 5, 6.) Despite acknowledging his obligations to provide responses in these conversations, JME continues to refuse to provide response in defiance of the Court's October 30, 2010 order. (Scholz Dec., ¶¶ 5, 6.) As a result of JME's

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

2

10-CV0513 W (CAB)

misconduct, RQ is unable to prepare for deposition or trial, or to properly prepare RQ expert witnesses and organize future discovery requests. (Lantz Dec., ¶ 6.)

III

RQ IS ENTITLED TO RESPONSES AND ATTORNEY FEES AND COSTS RELATED TO JME'S DISCOVERY VIOLATION

RQ is clearly entitled to discovery responses from JME. Given the close proximity to trial, JME should be ordered to provide the responses in an expedited time frame.

Rule 37(a)(4) and Rule 37(b)(2) allow the award of fees and expenses incurred as a result of JME's disobedience of the Court's order or in RQ's obtaining an order regarding discovery sanctions. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1482 (9th Cir. 1992) (court allowed fees and costs incurred in obtaining a court order compelling discovery and in litigating the contempt issues). Reasonable expenses, including attorney fees, caused by JME's failure to comply are available to RQ unless JME affirmatively shows that its violation of discovery and the Court's order was substantially justified. Fed. R. Civ. P. 37(b); See Liew v. Breen, 640 F.2d 1046, 1050 (9th Cir. 1981) (a good faith dispute concerning a discovery question might, in the proper case, constitute "substantial justification.").

JME's conduct was not substantially justified. There is no dispute that JME was required to provide discovery responses to RQ's pending requests no later than November 22, 2010. This extended deadline was provided for JME's benefit. JME was explicitly told of the discovery deadline by the Court and acknowledged the deadline, but willfully failed to comply with the Court's order. JME was further reminded of its obligations by counsel for RQ after it failed to comply with the Court order, yet again refused to act. Accordingly, RQ should

/ / / / /

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

3

10-CV0513 W (CAB)

be entitled to $4,645.00 for its reasonable costs, including attorney fees, incurred due to JME's failure to comply and costs incurred in bringing this discovery motion.

## IV
## TERMINATING SANCTIONS ARE APPROPRIATE GIVEN JME'S WILLFUL AND CONTINUED VIOLATION OF DISCOVERY

Federal Rule of Civil Procedure 37, subdivision (b) authorizes the court to import a variety of sanctions against a party who fails to provide discovery as ordered by the court. Fed. R. Civ. P. 37.  Specifically, for willful violations of a discovery order, the court may sanction the disobedient party by striking pleadings or by terminating the action by default or dismissal.  Fed. R. Civ. P. 37 (b)(A)(iii, iv).

### A.   JME Willfully Violated The Court's Discovery Order

A dismissal under Federal Rule of Civil Procedure 37 is authorized in extreme circumstances and where the violation is "due to willfulness, bad faith, or fault of the party." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (court upheld dismissal of action where plaintiff knowingly and deliberately failed to respond to discovery and to comply with court discovery orders).  All that is required to demonstrate willfulness, bad faith or fault for purposes of imposing dismissal sanctions is "disobedient conduct not shown to be outside the control of the litigant." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Here, JME has willfully disregarded the discovery process and this Court's previous discovery order.  During the October 22, 2010 Mandatory Settlement Conference at which JME was personally present, this Court continued the pending discovery response deadlines to allow JME to respond, and ordered that JME respond to all pending discovery requests no later than November 22, 2010. Despite acknowledging the deadline at that time, and subsequently being

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

4

10-CV0513 W (CAB)

reminded by counsel for RQ, JME has disobeyed this Court's order and refuses to provide any responses to RQ's discovery requests.[1] (Scholz Decl., ¶¶ 3, 4, 5, 6.)

The fact that JME is a *pro se* litigant does not resolve the party of the obligation to provide discovery pursuant to the Court's order. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (court upheld sanctions against pro se litigant on the grounds that "a pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). Accordingly, sanctions dismissing JME's action are available due to JME's "willful" violation of the discovery order.

B.   RQ Was Prejudiced by JME's Actions

The amount of prejudice resulting from discovery violations is a key factor in determining whether to impose dismissal sanctions. Wanderer, 910 F.2d at 656. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. …Failure to produce documents as ordered, however, is considered sufficient prejudice." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (internal citations omitted). "The law also presumes prejudice from unreasonable delay." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006).

JME's failure to produce any responses or documents pursuant to RQ's requests has caused unreasonable delay and prejudice to RQ. As plaintiff, JME has the burden of providing evidence of its claims. JME's failure to comply with the Court's order has made it difficult, if not impossible, for RQ to properly prepare its defenses. As "[a]n important purpose of discovery is to reveal what

---

[1] JME would still be subject to sanctions notwithstanding his disobedience of the court's order as a party who fails to respond at all to a request for inspection is subject to sanctions even in the absence of a prior order. Fed. R. Civ. P. 37 (d).

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100

evidence the opposing party has, thereby helping determine which facts are undisputed-perhaps paving the way for a summary judgment motion-and which facts must be resolved at trial," JME's actions have hindered and delayed RQ's ability to determine undisputed facts in this action, and pursue necessary and available motions. Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004). Consequently, RQ has been, and continues to be, prejudiced by JME's noncompliance.

## V

## CONCLUSION

For the foregoing reasons, as well as those to be set forth at the hearing on this matter, RQ respectfully requests the Court dismiss JME's action as a sanction for its discovery violations. In the event JME's action is not dismissed, RQ requests any such sanctions against JME as this Court deems just.

RQ also requests that the Court order JME to pay RQ its reasonable expenses in the amount of $4,645.00 for the costs incurred in brining this motion.

DATED: December 22, 2010

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

By: _____
DAVIDE GOLIA
NOWELL A. LANTZ
Attorneys for Defendant and Cross-Claimant RQ Construction, Inc. and Defendant Continental Casualty Company

971.018/3O2506.dvg

MARKS, GOLIA & FINCH, LLP
8620 Spectrum Center Boulevard
Suite 900
San Diego, CA 92123
(858) 737-3100